# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JEFF and JAMIE NICHOLS, legal | * | |
| Representatives of a minor child, | * | No. 08-654V |
| CARSON NICHOLS, | * | Special Master Christian J. Moran |
| | * | |
| Petitioners, | * | |
| | * | |
| v. | * | |
| | * | Filed: August 21, 2018 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' fees and costs |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

Marc L. Silverman, Bellevue, WA, for petitioners;
Colleen C. Hartley, U.S. Dep't of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Jeff and Jamie Nichols alleged that the diphtheria-tetanus-acellular pertussis (DTaP) vaccine that their four-month old son, Carson Nichols, received on September 11, 2006, caused his death nearly five days later as a result of an anaphylactic reaction to the vaccination. The Nicholses, acting as Carson's legal representatives, brought this action seeking compensation for his death pursuant to the National Childhood Vaccine Injury Compensation Program, codified at 42 U.S.C. § 300aa−10 through 34 (2012).

Jeff and Jamie Nichols filed a petition, pro se, on behalf of their son, Carson, on September 12, 2008. Pet. at 1. The Nicholses claimed that their son's death was caused by the DTaP vaccination he received on September 11, 2006. Id. Mr. Marc L. Silverman became attorney of record on February 23, 2015. The final

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

expert reports were submitted in late 2017 and on February 23, 2018, the undersigned found that the Nicholses were not entitled to compensation under the Vaccine Act.  Decision, issued Feb. 23, 2018, 2018 WL 1514435.

On April 25, 2018, petitioners filed a motion for attorneys' fees and costs. Upon review, the undersigned identified mathematical errors in petitioners' application.  Through informal communication with the parties, the petitioners clarified their fees motion, requesting $26,075.00 in attorneys' fees, $11,473.00 in costs borne by petitioners' attorney, and $13,075.00 in costs borne by petitioners.

On April 30, 2018, the Secretary responded to petitioners' motion, stating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp. at 2.  Respondent deferred to the undersigned to determine what would constitute a reasonable fee award in this case.  Id. at 3.

## I.    Attorneys' Fees

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs.  42 U.S.C. § 300aa–15(e)(1).  Here, the undersigned finds the Nicholses acted in good faith and that the evidence submitted in this case is sufficient to conclude that petitioners had a reasonable basis to bring their petition.  Thus, petitioners are eligible for an award of attorneys' fees and costs. The only question at bar is whether petitioners' requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  See id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.

### A. Hourly Rates

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates.  Avera, 515 F.3d at 1348-49.  The forum in Vaccine Act cases will always be Washington, D.C. because special masters operate as "extension[s] of the United States Court of Federal Claims."  Id. at 1353.  When deciding the reasonableness of requested rates, special masters may consider an attorney's overall legal experience and experience in the Vaccine Program, as well as the quality of the work performed. See McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).

Petitioners had one attorney work on this case, Mr. Marc L. Silverman, from 2015 until 2018.  The undersigned finds his requested hourly rate to be reasonable under the applicable law.

B. Number of Hours Billed

Having established reasonable rates, the undersigned turns to the amount of time counsel billed on this matter in order to determine the total fee award. Petitioners' counsel's billing records reflect clerical and excessive billing entries. As elucidated below, these findings indicate a reduction in the number of hours billed is appropriate.

Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program because it is "considered as normal overhead office costs included in attorneys' fees . . . ."  Rochester v. United States, 18 Cl. Ct. 379, 387 (1989).  Filing documents is a clerical task for which attorneys should not charge. See Guerrero v Sec'y of Health & Human Servs., No. 12-689, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015).

Billing records reflecting excessive billing are also subject to reductions. Repetitive billing for emails can be excessive when charging for sending and receiving emails separately.  See Guerrero v. Sec'y of Health & Human Servs., 124 Fed. Cl. 153, 159 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. April 22, 2016) (ruling the special master was not arbitrary in deducting time charged for sending and receiving emails separately).

In petitioners' case, there are ten filing entries.  The ten filing entries relate to filing status reports, exhibits, supplemental expert reports, motions for extension of time, or filing a reply to respondent's motion.  Itemization of Time at 1-4.  Each

of these filing entries bill .1 or .2 hours. <u>Id.</u> Because the Vaccine Program does not compensate for such clerical tasks, a reduction is appropriate.

Moreover, petitioners' records also reflect excessive billing for sending and receiving emails separately. <u>Id.</u> at 1-3. There are over ten occasions where counsel billed separately for sending and then for receiving emails. <u>Id.</u> These separately entered emails are between counsel and Dr. Rostad, petitioners, or potential immunologists. <u>Id.</u> Such entries also bill for different amounts, ranging from .1 hours to .5 hours. <u>Id.</u> The undersigned finds this form of billing not reasonable and that a further reduction is appropriate.

For the aforementioned reasons, the undersigned finds a **$1,000 reduction to result in a reasonable award.**

## II.   Costs

In addition to attorneys' fees, the Nicholses seek compensation for costs expended. The total requested is $24,298.37, encompassing petitioners' own costs, petitioners' counsel's costs, and the remainder of Dr. Rostad's outstanding invoice. Mot. Attys' Fees & Costs at 5. The Nicholses' and their counsel's costs include experts' fees, copying, shipping, and a filing fee. <u>Id.</u> The undersigned finds all of the costs reasonable.

## III.   Conclusion

For the aforementioned reasons, petitioners' attorneys' fees are reduced by $1,000 and petitioners' request for costs is awarded in full. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds petitioners' request for fees and costs, other than those reductions delineated above, to be reasonable. Accordingly, petitioners are awarded a total of **$49,623.00** as follows:

1. **The total of $36,548.00, in the form of a check made payable jointly to petitioners and petitioners' counsel, Marc Lawrence Silverman, for attorneys' fees and costs; and**

2. **The total of $13,075.00, in the form of a check made payable to petitioners, for petitioners' costs.**

These amounts represent reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for

review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

s/Christian J. Moran
Christian J. Moran
Special Master
